# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**OTIS J. BENNETT**                                                                                                   **PLAINTIFF**

**VS.**                                                                              **CIVIL ACTION NO. 4:06CV17LS**

**DAREALL THOMPSON and**
**ANTHONY BALL**                                                                                              **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 17th day of July, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorney Lee Thaggard. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff alleges that police used excessive force in his arrest, which occurred on May 20, 2005, resulting in injuries to his head. His medical records were reviewed by the court, and they confirm that he was injured in an altercation with the police and that he required medical care. Officers called an ambulance to the scene, and Bennett was transported to the hospital, where a head laceration was stapled. The

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

Defendants admit that he resisted arrest, but deny that the force used was excessive. Bennett is serving a five-year sentence on a charge of shoplifting and a three-year sentence on assault on an officer and fleeing to avoid arrest. This matter has been referred to the undersigned to conduct an evidentiary hearing and to submit to the District Judge assigned to this matter proposed findings of fact and conclusions of law for its resolution.

2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Plaintiff signed a medical waiver so that the Defendants' counsel could obtain all of his medical records. The Defendants' attorney is directed to provide copies to the Plaintiff of any medical records received, as well as the Plaintiff's entire jail file, including any medical request forms or any other reports regarding the Plaintiff that relate to this incident. Further, the Defendants should provide a copy of all reports made to officers or administrators of EMCF or MDOC regarding this incident.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff did no request that any inmate witnesses be brought to testify on his behalf at the trial of this matter. The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of

this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that an evidentiary hearing on this action will be held on September 19, 2006, at 9:30 a.m.

IT IS SO ORDERED, this the 3rd day of August, 2006.

                                        S/James C. Sumner
                                 UNITED STATES MAGISTRATE JUDGE